No. 90-572

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

        Plaintiff and Appellant,

-vs-

GERRY VAN ROBINSON,

        Defendant and Respondent.

**FILED**

JUN 11 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hon. Marc Racicot, Attorney General; Jennifer
        Anders argued, Asst. Atty. General, Helena, Montana
        John S. Forsythe argued, County Attorney, Forsyth,
        Montana

    For Respondent:

        Marcey Femling Schwarz argued, Schwarz Law Firm,
        Billings, Montana

Submitted: May 2, 1991

Decided: June 11, 1991

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On February 28, 1990, the State of Montana filed an Information charging the defendant, Gerry Van Robinson, with three counts of sexual assault in violation of § 45-5-502, MCA, and one count of sexual intercourse without consent in violation of § 45-5-503, MCA. The alleged victim of the acts charged was the defendant's adopted daughter, S.L.R. On July 9, 1990, the defendant entered into a plea bargain agreement with the County Attorney for Rosebud County, and pursuant to that agreement, pled guilty to sexual intercourse without consent and to two counts of sexual assault. The defendant was sentenced to 20 years in the Montana State Prison for each conviction of sexual assault, and 40 years in the State Prison for his conviction of sexual intercourse without consent. The sentences were to run concurrently and all but the first 60 days of his sentence were suspended. The District Judge attached a number of conditions to the defendant's suspended sentence.

The State has appealed from the sentence imposed on the defendant, and raises the following issue on appeal:

Did the District Court err when it applied the exception found in § 46-18-222(5), MCA, to the mandatory two-year sentence for sexual intercourse without consent?

We affirm the District Court.

## FACTUAL BACKGROUND

The incidents which form the bases for the charges against the defendant occurred between June 1989 and December 1989. During that period he was alleged to have assaulted his adopted daughter, who was less than 14 years of age, by fondling her breasts and genitalia. He was also accused of digital intercourse with the same minor on at least one occasion. He admitted committing these acts and other similar acts over a longer period of time.

On September 6 and 7, 1990, a lengthy sentencing hearing was conducted by the District Court. As a result of that hearing, the District Judge made findings of fact which have not been challenged by the State on appeal. The following is a summary of those facts found to be true by the District Court:

The defendant is genuinely remorseful for his conduct and is willing to do whatever is necessary to assist the victim and her family. He has moved out of the family home, ceased communicating with the victim, and has enrolled in a certified sex offender treatment program.

Based upon the nature of the defendant's sexual offenses and the strong external controls placed on the defendant through the intensive supervision program that he is currently under, the District Court found that he was unlikely to reoffend during treatment and that outpatient treatment would have the greatest likelihood of preventing him from reoffending in the future.

The District Court found that neither the victim nor the victim's mother wanted the defendant in prison, and that his imprisonment could be harmful to the victim's chances for successful therapy and the family's economic survival. Sending the defendant to prison would result in the immediate cessation of his financial contributions to the victim and her family, necessitating a loss of home and probable bankruptcy. The victim and her family would have to go on welfare for which the State of Montana would have to pay. In addition, the District Court found that without the defendant's contributions to the cost of counseling for the victim, the State would have to pay for the victim's counseling, the family's counseling, and the defendant's sex offender treatment program.

Finally, the District Court found that while it would cost the State approximately $18,000 per year to keep the defendant in prison, the prison is currently overcrowded with more inmates than it has beds. That overcrowded condition would make it difficult for the prison to provide the kind of rehabilitative treatment that the defendant needs.

While all but 60 days of the defendant's prison term were suspended, the District Court did attach a number of conditions to the suspension of that sentence. Some of those conditions are as follows:

1. The defendant was placed under the supervision of the Bureau of Adult Probation and Parole and subjected to their rules and regulations.

2. The defendant was required to enroll in and successfully complete a sex offender treatment program, including follow-up treatment for the entire 40 year term of his sentence.

3. The defendant was required to register with local law enforcement officials as a convicted sex offender pursuant to § 46-18-254, MCA.

4. The defendant was prohibited from working anywhere that children are present, and was ordered to avoid contact with his family, unless it was first approved by his therapist and parole officer.

5. The defendant was required to pay for all counseling and therapy expenses he incurs, as well as the expenses for therapy and counseling of the victim and her family.

6. The defendant was ordered to obtain and maintain satisfactory employment and to provide regular support to his family.

7. The defendant was ordered to abstain from usage of any mood-altering substances, and required to submit to urinalysis periodically to assure his compliance with this condition.

The plea bargain agreement, which was signed by the defendant and the Rosebud County Attorney, and pursuant to which defendant entered his guilty plea, contains the following provision:

In exchange for the entry of pleas of guilty to the charges alleged, the State agrees to make no recommendation as to the sentencing on this matter.

In spite of that provision, the State has appealed that portion of the District Court's sentence which was imposed for violation of § 45-5-503, MCA. That statute provides, in relevant part, as follows:

> (1) A person who knowingly has sexual intercourse without consent with a person of the opposite sex commits the offense of sexual intercourse without consent. . . .
>
> * * * *
>
> (3) (a) If the victim is less than 16 years old and the offender is 3 or more years older than the victim or if the offender inflicts bodily injury upon anyone in the course of committing sexual intercourse without consent, he shall be imprisoned in the state prison for any term of not less than 2 years or more than 40 years and may be fined not more than $50,000, except as provided in 46-18-222.

It is undisputed that the defendant's victim was under the age of 16 and that he was more than three years older than she. It is also undisputed that the only portion of § 46-18-222, MCA, which is arguably applicable as an exception to the two-year minimum sentence requirement found in § 45-5-503, MCA, is subparagraph (5). That statute provides as follows:

> All mandatory minimum sentences prescribed by the laws of this state and the restrictions on deferred imposition and suspended execution of sentence prescribed by subsections (4), (5), and (6) of 46-18-201, 46-18-221(3), 46-18-224, and 46-18-502(3) do not apply if:
>
> * * * *

6

(5) where applicable, no serious bodily injury was inflicted on the victim unless a weapon was used in the commission of the offense.

The State argues that the introductory language "where applicable" has been inserted into § 46-18-222(5), MCA, because the legislature intended that that subsection apply to some offenses and not others. The State contends, and we agree, that if this Court were to apply subsection (5) to any crime where "no serious bodily injury occurred," the language "where applicable" would be rendered superfluous and without meaning.

The State acknowledges that the 1977 legislative history for this statute is devoid of any discussion regarding the crimes that might be exempted from minimum sentences. However, the State suggests that this exception should be limited to those crimes such as robbery (§ 45-5-401, MCA), and aggravated assault (§ 45-5-202, MCA), where the threat of or infliction of bodily injury are essential elements of the crime. Since the threat of or infliction of bodily injury are not essential components of the offense of sexual intercourse without consent, the appellant concludes that it is not in the category of crimes which are subject to the exception found in § 46-18-222(5), MCA.

One problem with the appellant's argument is that the threat of or infliction of bodily harm is not always an element of robbery. Section 45-5-401, MCA, provides that:

(1) A person commits the offense of robbery if in the course of committing a theft he:
    (a) inflicts bodily injury upon another;

7

>          (b)    threatens to inflict bodily injury upon any
> person or purposely or knowingly puts any person in fear
> of immediate bodily injury; or
>          (c)    commits or threatens immediately to commit any
> felony other than theft.

(Emphasis added.)

Conversely, the threat of or infliction of bodily harm may be an element of the crime of sexual intercourse without consent. Section 45-5-501, MCA, provides the following definition of "without consent":

> As used in 45-5-503 and 45-5-505, the term "without
> consent" means:
>          (1)    the victim is compelled to submit by force or
> by threat of imminent death, bodily injury, or kidnapping
> to be inflicted on anyone; or
>          (2)    the victim is incapable of consent because he
> is:
>          (a)    mentally defective or incapacitated;
>          (b)    physically helpless; or
>          (c)    less than 16 years old.

It is clear that the crimes of robbery and sexual intercourse without consent may or may not involve the threat of or actual infliction of bodily harm.

The State also points out that § 45-5-503(3)(a), MCA, increases the maximum penalty in those cases where the victim is under 16 years of age, or where bodily injury is inflicted on the victim.  The State argues that it would be inconsistent for the legislature to increase the penalty under one section of the code where "bodily injury occurs," and then to waive the minimum prison term in a subsequent section where no "serious bodily injury was inflicted on the victim."

8

The language of § 46-18-222(5), MCA, is of little assistance to this Court in our effort to determine the legislature's intent. It is obvious that the exception does not apply to crimes that have no victim, nor does it apply to crimes where violence, or the threat of violence, are never an element of the crime. However, beyond that general conclusion, nothing can be said with certainty about the intended scope of the statute's application.

We conclude that our decision in this case is controlled by our recent decision in State v. Goodwin, ___ St.Rep. ___ (Mont. 1991). In that case, while discussing the same issue, we concluded:

> We agree that in reconciling these two provisions there is at least an ambiguity regarding the meaning of "where applicable" in those cases where the victim is under the age of 16 (therefore the threat of or infliction of harm is not an element of the crime), or where some injury less than "serious bodily injury" has been inflicted on the victim. However, if the legislature had intended this exception to minimum sentences to be limited to certain crimes, it had it within its power to clearly state the crimes to which the section was applicable. By doing so, the legislature could have made its intention clear. It did not do so, and under these circumstances our duty is clear. We must interpret the criminal statute in a way most favorable to the private citizen against whom it is sought to be enforced, and against the state which authored it.
>
> The District Court and this Court are compelled to follow the classic rule of construction of criminal statutes which is succinctly set forth as follows:
>
> > Penal statutes are construed with such strictness as to safeguard the rights of the defendant. If the statute contains patent ambiguity and admits of two reasonable and contradictory constructions, that which operates in favor of a party accused under its

9

provisions is to be preferred. Moreover, penal statutes are not to be extended in their operation to persons, things, or acts not within their descriptive terms, or the fair and clear import of the language used. Nothing can be read into penal statutes by implication.

73 Am.Jur. 2d Statutes § 295.

Goodwin, ___ St.Rep. ___, ___ (Mont. 1991).

In summary, we conclude as we did in Goodwin, that since the threat of or infliction of bodily harm may, depending on the circumstances, be an element of the offense of sexual intercourse without consent, it is reasonable to conclude that the exception to the minimum sentence found at § 46-18-222(5), MCA, when no "serious bodily injury was inflicted on the victim" is applicable to that offense. Any ambiguity regarding the applicability of this exception must be resolved in favor of the defendant.

We affirm the sentence of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

10